United States District Court
Southern District of Texas
**ENTERED**
October 21, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| NIDIA HIGAREDA-HUERTA, | § | |
| Movant, | § | |
| | § | |
| v. | § | Case No. 1:16cv264 |
| | § | (Criminal No. 1:15cr465-2) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Nidia Higareda-Huerta's pro se "Motion Pursuant to 28 U.S.C. § 2255 to Vacate Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794)" (hereinafter, Higareda-Huerta's "Motion"). Dkt. No. 1. For the reasons provided below, Higareda-Huerta's Motion fails to state a cognizable § 2255 claim. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Higareda-Huerta's Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

**I. Jurisdiction**

This Court has jurisdiction over Higareda-Huerta's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II.  Procedural History

On July 28, 2015, Higareda-Huerta pleaded guilty to possession with intent to distribute more than 500 grams, that is, approximately 2.2 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.  *See United States of America v. Nidia Higareda-Huerta*, No. 1:15cr465-2, Dkt. No. 76 at 1.[1]  On August 4, 2016, Senior United States District Judge Hilda Tagle sentenced Higareda-Huerta to 60 months of imprisonment, and four years of supervised release with special conditions.  *Id.* at 1-4.  Judgment was entered on August 17, 2016.  *Id.* at 1.  Higareda-Huerta did not file a direct appeal.  Higareda-Huerta filed her instant Motion on September 29, 2016.  Dkt. No. 1 at 5.[2]

## III.  Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of a § 2255 collateral challenge is extremely limited,

---

[1]  Hereinafter, Higareda-Huerta's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]  In general, and subject to certain exceptions, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.  *See generally* FED. R. APP. P. 4(c)(1); *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992).  Higareda-Huerta indicates that she placed her Motion in the prison mailing system on September 29, 2016.  Dkt. No. 1 at 5.  Accordingly, the Court will consider her Motion filed on that date.

being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

In her Motion, Higareda-Huerta contends that she is entitled to receive the benefit of Amendment 794 to the United States Sentencing Guidelines (hereinafter, "U.S.S.G"). Dkt. No. 1 at 1-5. Amendment 794 revised the commentary to U.S.S.G. § 3B1.2, which provides for mitigating role adjustments for the "substantially less culpable than average participant." U.S.S.G. § 3B1.2, cmt. n. 3(A) (2014). The United States Sentencing Commission drafted Amendment 794 to make it clear that, when determining whether a defendant played a minor or minimal role in the subject criminal activity, the district court should compare the defendant to the other co-participants in the criminal activity, as opposed to the "universe of persons participating in similar crimes." *United States v. Gomez-Valle*, 828 F.3d 324, 329 n. 23 (5th Cir. 2016) (quoting U.S.S.G. app. C, amend. 794, at 116–18 (Supp. Nov. 1, 2015) (internal citations and quotation marks omitted). Amendment 794 also revised the commentary to § 3B1.2 in other ways. Specifically, the Amendment:

> "revise[d] the commentary to emphasize that the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise eligible." . . . Amendment 794 introduced a list of non-exhaustive factors that a sentencing court

should consider in determining whether to apply a mitigating role adjustment.  In addition, Amendment 794 provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."

*Id*. at 329–30 (citations omitted, formatting altered).

Higareda-Huerta argues that the Court should apply Amendment 794 retroactively to allow her to receive a reduction in her sentence because she was only a minor participant in the crime charged.  Dkt. No. 1 at 1-5.  In support of her argument, she relies upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016).  Dkt. No. 1 at 1-2.  In *Quintero-Leyva*, the Court of Appeals for the Ninth Circuit determined that Amendment 794 applies retroactively on direct appeal. *Quintero-Leyva*, 823 F.3d 519, 522.[3]  Higareda-Huerta contends that applying Amendment 794 in her case would be in the interests of justice because her role in the offense was not considered by the Court, and the Court did not find that she played an organizing/leadership role in her crime.  Dkt. No. 1 at 2, 4.  Additionally, she claims that her participation and compensation were minor compared to her codefendants.  *Id*. at 2 ("[H]er role was minor compared to others.  Petitioner didn't receive a greater amount of the spoils nor did she have direct contact with the 'higher upper', therefore qualifying her person for consideration.") (errors in original).

Higareda-Huerta's Motion is virtually identical to other motions recently filed in this Court.  *See, e.g., Connie Marie Rosales v. United States of America*, 1:16-

---

[3] In *Gomez-Valle*, the Fifth Circuit did not reach the issue of whether Amendment 794 may be applied retroactively.  *Gomez-Valle*, 828 F.3d 324, 330 (noting that the issue is a "matter of first impression in this circuit," but finding that Gomez-Valle's particular case did not require resolution of the issue).

cv-229, Dkt. No. 1. This indicates that she has copied a motion used by other prisoners, assuming that the arguments contained therein are applicable to her case. The arguments contained in Higareda-Huerta's Motion, however, are not applicable to her case. Higareda-Huerta argues for the retroactive application of Amendment 794, but Amendment 794 became effective on November 1, 2015,[4] over six months before the Court held Higareda-Huerta's first sentencing hearing, and over eight months before the Court held its final sentencing hearing and imposed Higareda-Huerta's sentence. *See* CR Minute Entry, dated May 17, 2016 (sentencing hearing held "in part"); and, CR Minute Entry, dated August 4, 2016 (sentencing hearing held). Higareda-Huerta has not alleged any facts indicating that she was prevented from taking advantage of Amendment 794's provisions, had the facts of her case justified their application.

Moreover, the record suggests that Amendment 794's provisions did not apply to her case. Higareda-Huerta's presentence investigation report ("PSR") stated that, pursuant to U.S.S.G. § 3B1.1(c), she should receive a two-level enhancement to her sentence due to her leadership/managerial role in the crime charged. CR Dkt. No. 43 at ¶ 34. The PSR noted that Higareda-Huerta had recruited and hired couriers to transport drugs, and had delivered drugs to them. *Id*. at ¶ 17, ¶ 24. The PSR also noted that, while Higareda-Huerta played a "managerial role" in the offense charged, her codefendant played only an "average role" in the offense charged. *Id*. at ¶ 24. Although the Court did not apply the

---

[4] *Gomez-Valle*, 828 F.3d 324, 327 n.3 (citing the "Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015)").

enhancement, and instead found that Higareda-Huerta was only an average participant in the crime charged, the record does not support Higareda-Huerta's argument that she was only a minor or minimal participant.  *See id. at* ¶¶ 17-21, 24; CR Dkt. No. 44 at 1-2; CR Dkt. No. 77 at 1 ¶ I(B)3.

More importantly, for purposes of stating a claim, a federal prisoner may only obtain relief under § 2255 if their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the sentencing guidelines in a § 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255.  *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted). Thus, Higareda-Huerta's Motion is subject to dismissal because she has failed to state a cognizable claim.

### V.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Higareda-Huerta has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

For the foregoing reasons, Higareda-Huerta's Motion fails to state a cognizable § 2255 claim. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Higareda-Huerta's Motion (Dkt. No. 1) be summarily dismissed with prejudice.

Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 21st day of October, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**